COSIMO GERVASI, an Infant, by NICHOLAS GERVASI, His Guardian ad Litem, CARMELO GERVASI, an Infant, by NICHOLAS GERVASI, His Guardian ad Litem, and NICHOLAS GERVASI, Appellants, v. MARCUS CONTRACTING Co., Respondent.— In an action to recover damages for defendant's failure properly to support buildings adjoining an excavation, judgment, and order denying motion to set aside the verdict, unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.

JOSEPH A. HANFF, Respondent, v. GERALD M. GORDON, Appellant.— Order of the County Court of Nassau county, granting, on reargument, plaintiff's motion to set aside the verdict in favor of defendant, vacating the judgment entered thereon and ordering a new trial on the minutes and on the exceptions taken at the trial, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

KASSIEL HOMNICK and DRUCKER & GUSSOFF REALTY CORP., Appellants, v. NEW YORK DOCK TRADE FACILITIES CORPORATION, Respondent.— Plaintiffs, real estate brokers, sue to recover commissions of $22,500, claimed to be due on a sale of defendant's property to one Rabinowitz. Defendant's officer — Dowling — admits that plaintiffs first interested Rabinowitz in the property and at Dowling's request brought Rabinowitz to him and they negotiated for some weeks. Dowling testified the negotiations proved fruitless and plaintiffs abandoned their efforts to bring about a sale. Subsequently, the property was sold to Rabinowitz, but Dowling insists the sale was brought about by other brokers. Katz, one of the other brokers, admits that Rabinowitz, the purchaser, received $17,750 of the commission paid on the sale. Under the pleadings, the issue was whether plaintiffs or the other brokers were the procuring cause of the sale, and that issue was properly submitted to the jury. There was proof, however, that Dowling told plaintiffs to bring their proposed customer and if the property were sold to him defendant would pay the regular commission. If this be true, plaintiffs were entitled to recover, but plaintiffs did not move to amend the pleadings to conform to the proof until after the court charged the jury. While we do not hold that it was error to deny the motion to amend, we believe that in the interest of justice there should be a new trial. Judgment dismissing complaint reversed on the law and a new trial granted, with costs to appellants to abide the event. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.